UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sharon Peterson, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN COUNCIL, <br><br> Defendant. | Civil Action No. 15-CV-4041 <br><br> **COMPLAINT** |

Plaintiff Sharon Peterson, by her attorney, brings this action for damages and other legal and equitable relief for Defendant Metropolitan Council's violations of federal and state law. Plaintiff alleges and avers as follows:

## JURISDICTION AND VENUE

1. Plaintiffs' federal claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. §§ 1981 and 1983, the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Family and Medical Leave Act, 29 U.S.C. §§ 2611 *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 1201 *et seq.*, as amended by the Americans with Disabilities Act Amendments Act of 2008. As such, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 2617(a)(2). This Court has supplemental jurisdiction over Plaintiffs' state law claims, pursuant to 28 U.S.C. § 1367, as they form part of the same case or controversy as the subject of Plaintiffs' federal law claims.

2. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1391, as Plaintiff resides or has resided in this District, Defendant has headquarters in and/or can be found

and conducts business in this District, and the events or omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

3. Plaintiff Sharon Peterson resides in the State of Minnesota, and is employed as a bus operator by the Metropolitan Council through its operating division, Metro Transit.

4. Defendant Metropolitan Council ("Met Council") is a state agency created to provide essential services to the seven-county Minneapolis-St. Paul metropolitan area. Met Council provides public transportation services through its operating division, Metro Transit, which has more than fifty employees. Met Council receives federal funding to help pay for the services it provides, including transportation services through Metro Transit.

## FACTUAL ALLEGATIONS

5. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

6. Plaintiff has been employed by Met Council as a Metro Transit bus operator since March of 1996.

7. As a bus operator, Plaintiff is a member of the Amalgamated Transit Union Local 1005, which has a contract with Met Council relating to wages, hours and working conditions of Metro Transit bus operators.

8. Plaintiff is an African-American female.

9. On numerous occasions during her employment with Met Council, Plaintiff has applied for promotions, including as a District Street Supervisor and as an Assistant Transportation Manager. Although Plaintiff is qualified for these positions, and is typically more experienced than other applicants, she has been denied a promotion every time she has applied

for one.

10. In April of 2014, Plaintiff applied for a District Street Supervisor position. Although Plaintiff was qualified for the position, and was more experienced than other applicants, she was denied the promotion. Instead, the position was awarded to a male Caucasian candidate with less experience, fewer qualifications, and less seniority than her.

11. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 11, 2014. See Exhibit A attached hereto.

12. In December of 2014, Plaintiff was serving as a Relief Dispatcher on days when she was not operating a bus. In retaliation for filing a charge with the EEOC, Plaintiff was removed from her position as Relief Dispatcher when she turned down a shift to help care for her daughter, who was in the hospital having a baby. Plaintiff has also been subjected to harassment such as increased monitoring of her driving, false accusations and complaints about her demeanor, unwarranted refusals to allow her time off to care for her daughter and grandchild, editing away hours she has worked and otherwise destroying or altering her employment records, and other retaliation.

13. Plaintiff filed a second Charge of Discrimination against the Met Council regarding the retaliation on July 20, 2015. See Exhibit B attached hereto.

14. A Right to Sue Letter was issued on August 5, 2015, which Plaintiff's counsel received on August 10, 2015. See Exhibit C attached hereto.

## COUNT I
## INTENTIONAL DISCRIMINATION
## IN VIOLATION OF TITLE VII
## 42 U.S.C. §§ 2000e, et. seq.

15. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

16. By its conduct, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, in that it purposefully discriminated against Plaintiff on the basis of race.

17. As a direct, proximate and foreseeable result of Metro Transit's discriminatory actions, Plaintiff has suffered and continues to suffer loss of income and employment benefits, mental anguish, emotional distress, humiliation, and other injury.

18. Plaintiff is entitled to damages and injunctive relief, along with costs, expenses, and attorneys' fees, in an amount presently unknown but to be determined at trial.

## COUNT II
## INTENTIONAL DISCRIMINATION
## IN VIOLATION OF SECTIONS 1981 AND 1983
## 42 U.S.C. §§ 1981, 1983

19. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

20. Pursuant to 42 U.S.C. § 1981, it is illegal for a public or private employer to infringe on a person's right to make and enforce contracts or to full and equal benefit of all laws for the security of persons and property. In the case of a state actor, a violation of § 1981 is actionable pursuant to 42 U.S.C. § 1983 if the person acted under color of state law in discriminating against the plaintiff.

21. As a union member, Plaintiff is a beneficiary of the contract between her union and Met Council. Plaintiff enjoys the same rights as non-African American union members in the making, performance, modification, and termination of this contract, and in the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

22. By its conduct, Defendant violated 42 U.S.C. §§ 1981 and 1983.

23. As a direct, proximate and foreseeable result of Defendant's conduct, Plaintiff has suffered and continues to suffer loss of income and employment benefits, mental anguish,

emotional distress, humiliation, and other injury.

24.  Plaintiff is entitled to damages and injunctive relief, along with costs, expenses, and attorneys' fees, in an amount presently unknown but to be determined at trial.

## COUNT III
## INTERFERENCE WITH
## FAMILY AND MEDICAL LEAVE ACT RIGHTS
## 29 U.S.C. §§ 2611 et seq.

25.  Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

26.  Under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 et seq., an employer is required to restore an employee who is on FMLA qualifying leave to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

27.  The time Plaintiff took off to care for her daughter was qualifying leave, which extends to absence from work to care for a seriously ill immediate family member.

28.  As an employee with qualifying leave, Plaintiff was entitled to restoration of benefits under the FMLA.

29.  Defendant's conduct violated 29 U.S.C. §§ 2614(a)(1) and 2615(a)(1).

30.  Defendant's conduct was intentional and performed by Defendant with malice and/or reckless disregard of Plaintiff's statutory benefits rights under the FMLA.

31.  As a direct, proximate and foreseeable result of Defendant's conduct, Plaintiff has suffered and continues to suffer loss of income and employment benefits, mental anguish, emotional distress, humiliation, and other injury.

32.  Plaintiff is entitled to damages and injunctive relief, along with costs, expenses, and attorneys' fees, in an amount presently unknown but to be determined at trial.

## COUNT IV
## RETALIATION IN VIOLATION OF
## THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. §§ 2611 et seq.

33. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

34. The FMLA, 29 U.S.C. §§ 2611 et seq, prohibits an employer from retaliating against an employee for requesting FMLA leave, taking FMLA leave, or otherwise enjoying her rights and benefits under the FMLA.

35. Defendant's conduct violated 29 U.S.C. §§ 2614(a)(1) and 2615(a)(1).

36. Defendant's conduct was intentional and performed by Defendant with malice and/or reckless disregard of Plaintiff's statutory benefits rights under FMLA.

37. As a direct, proximate and foreseeable result of Defendant's conduct, Plaintiff has suffered and continues to suffer loss of income and employment benefits, mental anguish, emotional distress, humiliation, and other injury.

38. Plaintiff is entitled to damages and injunctive relief, along with costs, expenses, and attorneys' fees, in an amount presently unknown but to be determined at trial.

## COUNT V
## UNFAIR EMPLOYMENT PRACTICE
## IN VIOLATION OF MINN. STAT. § 363A.08

39. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40. At all times material hereto, Plaintiff was an "employee" and Defendant was her "employer" within the meaning of Minn. Stat. § 363A.03.

41. Minn. Stat. § 363A.08 prohibits an employer from engaging in employment practices that discriminate against applicants and employees on the bases of, inter alia, race,

6

color, creed, religion, and national origin.

42. By its conduct, Defendant violated Minn. Stat. § 363A.08.

43. As a direct, proximate and foreseeable result of Defendant's conduct, Plaintiff has suffered and continues to suffer loss of income and employment benefits, mental anguish, emotional distress, humiliation, and other injury.

44. Plaintiff is entitled to damages and injunctive relief, along with costs, expenses, and attorneys' fees, in an amount presently unknown but to be determined at trial.

## COUNT VI
## INTERFERENCE WITH FAMILY LEAVE
## IN VIOLATION OF MINN. STAT. § 181.943

45. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

46. At all times material hereto, Plaintiff was an "employee" and Defendant was her "employer" within the meaning of Minn. Stat. § 181.943.

47. Minn. Stat. § 181.943 allows an employee to use personal sick leave benefits provided by the employer for absences due to an illness of or injury to the employee's adult child, for reasonable periods of time as the employee's attendance may be necessary, on the same terms upon which the employee is able to use sick leave benefits for the employee's own illness or injury.

48. By interfering with Plaintiff's right to take time off to care for her daughter in the hospital, Defendant violated Minn. Stat. § 181.943.

49. Defendant's conduct was intentional and performed by Defendant with malice and/or reckless disregard of Plaintiff's statutory rights.

50. As a direct, proximate and foreseeable result of Defendant's conduct, Plaintiff has

suffered and continues to suffer loss of income and employment benefits, mental anguish, emotional distress, humiliation, and other injury.

51. Plaintiff is entitled to damages and injunctive relief, along with costs, expenses, and attorneys' fees, in an amount presently unknown but to be determined at trial.

## COUNT VII
## REPRISAL IN VIOLATION OF
## MINN. STAT. § 363A.15 and § 181.943

52. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

53. Minn. Stat. § 363A.15(1) provides that it is an unfair discriminatory practice for any employer, or any employee or agent thereof, to engage in any reprisal against any person because that person engaged in an activity or right protected by the Minnesota Human Rights Act.

54. A reprisal forbidden by this section includes, but is not limited to, "any form of intimidation, retaliation, or harassment."

55. By its conduct, Defendant violated Minn. Stat. § 363A.15(1).

56. Minn. Stat. §181.943(h) forbids retaliation against an employee for requesting or obtaining a leave of absence under Minn. Stat. §181.943.

57. By its conduct, Defendant violated Minn. Stat. §181.943(h).

58. As a direct, proximate and foreseeable result of Defendant's conduct, Plaintiff has suffered and continues to suffer loss of income and employment benefits, mental anguish, emotional distress, humiliation, and other injury.

59. Plaintiff is entitled to damages and injunctive relief, along with costs, expenses, and attorneys' fees, in an amount presently unknown but to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sharon Peterson prays for judgment against Defendant Metropolitan Council as follows:

1. A Declaration that the practice complained of herein was unlawful and violated the federal and state statutes cited above;

2. Injunctive relief promoting Plaintiff to District Street Supervisor or an equivalent position at Metro Transit, with appropriate seniority and all other benefits;

3. Compensatory damages to Plaintiff, including but not limited to lost wages and benefits, back pay, front pay, mental anguish, emotional distress, pre and post-judgment interest, attorneys fees, and costs, in an amount to be determined at trial;

4. Liquidated damages, as authorized by 29 U.S.C. § 2617; and

5. Such further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands a jury for all issues so triable.

Dated: November 5, 2015        By: /s/ Kent Williams
                               Kent M. Williams (Minn. Atty No. #222884)
                               WILLIAMS LAW FIRM
                               1632 Homestead Trail
                               Long Lake, MN 55356
                               612-940-4452
                               williamslawmn@gmail.com

                               ATTORNEY FOR PLAINTIFF